761 So.2d 558 (1999)
Keith D. LEWIS
v.
JEFFERSON PARISH DEPARTMENT OF PUBLIC WORKS.
No. 99-CA-16.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
Writ Denied January 14, 2000.
Jeffrey T. Reeder, New Orleans, Pamela Toney Crawford, Gretna, for Plaintiff/Appellant.
Clement P. Donelon, Metairie, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
GOTHARD, Judge.
Keith D. Lewis, plaintiff herein, appeals a judgment of the Personnel Board for the Parish of Jefferson (hereinafter "the Board") which upheld the termination of his employment and dismissed his appeal. For the following reasons, we reverse.
The record reflects that, on November 12, 1997, Mr. Lewis was employed by the Jefferson Parish Department of Public *559 Works, East Jefferson Drainage Pump Station Operations Department (hereinafter "the Department"). He was assigned to the Duncan Canal Pumping Station (Number Four pumping station). He was classified as a Resident Operator II, which meant that he resided at the station. The duties of a resident operator included maintaining the station and pumping the canals during rainfall to protect the residents of Jefferson Parish from flooding. As part of his job responsibilities, he was required to be on call twenty four hours a day on a weekly basis. While on call, Mr. Lewis was required to leave a phone number where he could be reached when not at the pumping station. He chose to use a cellular phone to stay in contact with his employer, and he left the cell phone number with the appropriate personnel.
Mr. Lewis was on call on November 12, 1997. At approximately 4:00 a.m. he left the pumping station. The Department of Drainage contended that, starting at approximately 4:45 a.m., several department employees made unsuccessful attempts to contact him. Mr. Lewis returned to the pumping station at approximately 6:15 a.m., and was then told that the Department had tried to reach him.
Subsequently, Mr. Lewis was terminated from employment for violating the Department's stand-by duty policy. Mr. Lewis appealed the termination decision to the Jefferson Parish Personnel Board. After a hearing before the Board's Hearing Examiner, the Board upheld Mr. Lewis' termination. This appeal followed.
In brief to this court, plaintiff assigns three errors in which he challenges the findings of the Board that his termination was for cause, and he alleges that the decision of the Board was arbitrary and capricious. In his fourth assignment of error, plaintiff alleges that he was denied his right to due process and a complete and impartial hearing because one of the three members of the Board did not participate in the final decision upholding his termination. In his last assignment of error, plaintiff alleges that the Board erred in considering testimony of a witness who was allowed to testify from writing on his hand without establishing a proper foundation required by La. C.E. art. 612. Because we find merit to the plaintiffs allegation that the Board was arbitrary and capricious in terminating plaintiffs employment, we need not reach plaintiffs remaining allegations.
A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A), Ruddock v. Jefferson Parish Fire Civil Service Bd., 96-831 (La.App. 5 Cir. 1/28/97) 688 So.2d 112, 114-115; Appointing Authority, Chief of Police for the City of Kenner v. Trippi, 499 So.2d 1177 (La.App. 5 Cir.1986); City of Kenner v. Pritchett, 432 So.2d 971 (La.App. 5 Cir. 1983).
A dismissal of a civil servant "for cause" is synonymous with legal cause. Ruddock, supra; City of Westwego v. McKee, 448 So.2d 166 (La.App. 5 Cir.1984). Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Ruddock v. Jefferson Parish Fire Civil Service Bd., supra.
A public employee may apply to the Board for a review of discharge or disciplinary action, at which time the appointing authority (here the Department) bears the burden of proving legal cause. The Board can then consider only whether the action taken against the employee was made in good faith for cause. La. R.S. 33:2561; Ruddock v. Jefferson Parish Fire Civil Service Bd., supra.
The burden of proof of the Board in a civil service case such as the instant case, is by a "preponderance of the evidence." Ruddock v. Jefferson Parish Fire Civil Service Bd., supra; George v. Department of Fire, 93-2421 (La.App. 4 Cir. 5/17/94), 637 So.2d 1097.
*560 An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Montgomery v. Department of Streets, 593 So.2d 1352 (La.App. 4 Cir. 1992).
Several witnesses testified at the hearing on this matter. Wayne St. Pe', Lewis' supervisor with the Drainage Department, testified that on November 12, 1997, he woke up around 4:30 and discovered it was raining. He stated that he attempted to call Lewis on his cell phone, and he received a message that the phone number was "out of service" and to please try again. He attempted to call six or seven times between the hours of 4:00 and 6:15, and received the same message that the cell phone was out of service.
Larry Portier, a resident operator at the Number Two pumping station, testified that at 4:41 a.m. on November 12, 1997, Mr. St. Pe' contacted him and told him to call Mr. Lewis. He obtained appellant's cell phone number from the stand-by sheet and dialed the number. He also received a message that the cellular phone was "out of service."
Mr. Leslie Webster testified that he was assigned to the main pumping station, the Cousins Station, located on the Westbank of Jefferson Parish, and that he performed the duties of a dispatcher for the Drainage Department. On November 12, 1997, he was contacted by Mr. St. Pe', and as a result he tried to call Mr. Lewis three times at the cell phone number. Each time he received a message stating that the "phone was not in service". He logged both the attempts and the phone message in the log book at that time.
Mr. Keith Lewis testified that, on November 12, 1997, he left the station at 4:00 a.m., and went to a family owned business. He was wearing the phone on his belt; the battery was charged and the phone was turned on the entire time he was away from the station. When he returned to the station at 6:15 a.m. he learned that the station tried to call him.
Mr. Lewis testified that he did not receive any calls on his cell phone while he was away from the station, and after he returned he contacted Radiofone, who told him that there were no problems with the cell phone. Mr. Lewis' phone records reflected calls received by the cell phone before and after the time period in question.
Mr. Lewis admitted that he had a prior infraction of the stand-by rule in 1995.
Judy Overman, in-house paralegal for Radiofone, testified that if the cell phone is on and it rings and no one answers the screen will say "Call". If the phone is not on or the battery is dead, there is nothing to notify the subscriber that a call has been received. If the phone is off, because it has been turned off or because the battery is dead, the caller usually would receive a message that the cellular subscriber either was not in the car or had left the area, and not a message saying that the phone was out of service.
Based on the evidence presented to the Hearing Officer, the Personnel Board found that the Department was justified in its disciplinary action against Mr. Lewis. We find that the plaintiffs termination was not for good cause, and that the decision of the Board affirming the termination was not supported by sufficient evidence or was clearly wrong, because the Department did not prove that the cell number dialed was that of Mr. Lewis, and that therefore Mr. Lewis was unavailable at that time.
Ms. Overman testified that there were no calls on the record made to Mr. Lewis' cell phone during the time in question. Her testimony established that if the cell phone was turned off, or if the cell phone's battery was not charged, a caller to the *561 cell phone would hear a message indicating that the cellular subscriber had left the area, and not a message that the phone was out of service. Furthermore, Radiophone records showed that Mr. Lewis' phone was in working order, and not out of order as the radio message heard by the Department reflected. Accordingly, we find that the Board committed error in upholding actions of the Department terminating the employment of Mr. Lewis.
For the above discussed reasons, the decision of the Jefferson Parish Personnel Board, upholding plaintiffs termination by the Jefferson Parish Department of Public Works, East Jefferson Drainage Pump Station Operations Department from employment is reversed, and the Department is ordered to reinstate plaintiff to his former position as Resident Operator II. All costs of this appeal are assessed against the Department.
REVERSED.