845 So.2d 1147 (2003)
Joyce T. ADAMS,
v.
JEFFERSON PARISH DEPARTMENT OF COMMUNITY ACTION PROGRAMS.
No. 02-CA-1090.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1149 Rita G. Pereira, New Orleans Legal Assistance Corporation, New Orleans, LA, for Plaintiff/Appellant.
Clement P. Donelon, Metairie, LA, for Respondent/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Joyce T. Adams, appellant, appeals a judgment of the Personnel Board for the Parish of Jefferson (hereinafter "The Board") that upheld the termination of her employment and dismissed her appeal. For the following reasons, we affirm.
Claimant was terminated from employment on October 19, 2000. On November 13, 2000, she filed a petition with the Jefferson Parish Personnel Board, appealing her termination. A Hearing Examiner, Theodore Nass, was appointed and a hearing was held on May 30, 2001, August 13, 2001, and August 15, 2001, and was supplemented by memorandum on September 17, 2001. On November 15, 2001, the hearing examiner rendered an opinion finding that the decision of the Appointing Authority (employer) was justified and dismissing Ms. Adams' appeal.
Ms. Adams filed an application for review of the decision of the hearing officer. By order signed April 24, 2002, the Board denied the application for review for failure to follow Jefferson Parish Personnel Board Rules of Appeal Procedure 26(B)(4)(5)(6). Claimant filed a timely motion for appeal with this court pursuant to Rule 30.
Ms. Adams was a permanent classified civil servant, employed by the Jefferson Parish Department of Community Action Programs "JeffCap" or "appointing authority." She began work on August 17, 1992, and worked without incident for eight years. During the time period at issue, Nicole Ferrier was the Director of JeffCap. Ms. Adams was employed as a Food Service Manager, and in that capacity she managed the food service operations at two Jefferson Parish Head Start Program Centers. In June of 1999, Laura Cullen was appointed Food Service Supervisor, with supervisory duties over Ms. Adams.
In early 2000, Ms. Adams received three citations for insubordination from Ms. Cullen, and on February 14, 2000, she was suspended without pay for three days. Ms. Adams' appeal from this disciplinary *1150 action was heard by a Hearing Examiner, who issued a decision which sustained the suspension. Ms. Adams did not appeal from that decision.
On April 4, 2000, an annual Employee Service Rating, reviewing Ms. Adams performance for the previous year, was conducted. Ms. Adams' performance was rated unsatisfactory in two areas, attitude and performance, based on three acts of insubordination cited by Ms. Cullen.
Ms. Adams went on a six-week furlough starting July 1, 2000, and she returned on August 14, 2000. Ms. Adams was re-evaluated on August 24, 2000, and again received an unsatisfactory rating. Reasons cited were her failure to adequately provide for a luncheon in June of 2000, and her failure to submit paperwork prior to furlough on July 1, 2000. At the meeting to discuss this rating, Ms. Adams became ill. She was placed on sick leave until October 18, 2000. When she returned to work she was terminated, as a result of the second unsatisfactory rating.
A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A). Lewis v. Jefferson Parish Dept. of Public Works, 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215; Ruddock v. Jefferson Parish Fire Civil Service Bd., 96-831 (La.App. 5 Cir. 1/28/97) 688 So.2d 112. A dismissal of a civil servant "for cause" is synonymous with legal cause. Lewis, supra; Ruddock, supra. Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Ruddock v. Jefferson Parish Fire Civil Service Bd., supra.
A public employee may apply to the Board for a review of discharge or disciplinary action, at which time the appointing authority (here the Department) bears the burden of proving legal cause. Lewis, supra. The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. La. R.S. 33:2561, Wilson v. Jefferson Parish, 95-470 (La.App. 5 Cir. 1/17/96), 668 So.2d 1167, writ denied, 96-0413 (La.4/19/96), 671 So.2d 927.
On appeal, this court should apply the clearly wrong or manifest error rule. Wilson, supra. An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Lewis, supra.
In this appeal, Ms. Adams argues that the appointing authority failed to meet its burden of proving legal cause for termination. She further argues that even if it is decided that disciplinary action was warranted, the Board erred in failing to impose a less severe penalty than termination. The Appointing Authority argues that it was mandated to provide disciplinary action once Ms. Adams had received the unsatisfactory re-rating. It further argues that the decision to terminate Ms. Adams' employment, rather than to impose a lesser sanction, was proper.
Rule XII, Section 1.6, of the Personnel Rules of Jefferson Parish states that any *1151 employee rated unsatisfactory shall be rerated within two to six months and if the re-rating is unsatisfactory, the appointing authority has the duty to reassign, demote, or dismiss the unsatisfactory employee. Pursuant to this rule, after Ms. Adams received an unsatisfactory rating on April 14th, a re-evaluation was conducted on August 24, 2000. Because Ms. Adams again received an unsatisfactory rating, the Appointing Authority was obligated to impose some disciplinary action.
Ms. Adams does not argue that her unsatisfactory rating of April 14, 2000 was unwarranted. In this appeal, she refers to her re-evaluation, and argues that the appointing authority failed to meet its burden of proving legal cause for termination "when the most egregious conduct complained of did not occur as was alleged and did not in any way impair the efficient operation of the appointing authority." With regard to her failure to provide an adequate luncheon in June of 2000, Ms. Adams contests her employer's assertions that the food was late, and was insufficient to feed the members present. Ms. Adams did admit that she did not provide utensils, plates, napkins and beverages for this meeting, but alleges that this did not cause inconvenience for anyone. Concerning her failure to submit paperwork prior to furlough, she argues that she could not have completed the paperwork because it was inclusive of inventories that could not be completed before June 30th, and that she was confidant that she could return from furlough on August 14th, and complete the work needed prior to the submission deadline on August 28th.
The Hearing Examiner, in his well-explained disposition of this matter, stated that:
Joyce Adams was found to be deficient in her handling of her duties to provide food for a meeting on June 21, 2000. She was completely unprepared for that meeting. What bothered this writer was her statement at page 188 of the testimony at line ten her emphasis on children (not reflected in writing but remembered by me) indicating her disdain for this assignment. She further was very cavalier about her duties towards the end of June that might be categorized as housekeeping in nature. The work was in anticipation of the 5-6 week furlough that occurs during the summer of each year.
While the re-rating of August 24th was not appealed it must be reviewed when it results in a dismissal and the rerating of unsatisfactory is found to be properly arrived at.
The decision to terminate the employee rather than to demote or transfer is justified especially since much of the conduct complained of seems to be the appellants (sic) attempt to show her disproval of the persons appointed over her and the policies adopted by the director.
We believe that the Appointing Authority presented sufficient evidence to support a finding of legal cause for termination. Plaintiff received an unsatisfactory rating stemming from three acts of insubordination, and she was re-evaluated within six months of that rating. Her reevaluation was also unsatisfactory. Although prior reprimands may not be resurrected as grounds for further disciplinary action, they may be considered along with new grounds to determine whether there is legal cause for the disciplinary actions taken. Murray v. Department of Revenue and Taxation, 504 So.2d 561 (La. App. 1 Cir.1986), writ denied, 504 So.2d 880, 882. In this case, the Hearing Examiner found that Ms. Adams' actions indicated *1152 her disdain for her supervisors and their policies. Actions that show disdain for supervisors are, by their very nature, detrimental to the efficiency of the public service. We find no manifest error in the Hearing Examiner's decision supporting plaintiff's termination.
Ms. Adams next alleges that the Appointing Authority should have imposed a penalty less severe than termination, such as re-assignment or demotion. Nicole Ferrier, director of JeffCap, testified that there were no available positions available to re-assign Ms. Adams. She stated that a demotion would require Ms. Adams to work with people whom she had previously supervised, which would be difficult. In addition, because of non-improvement in Ms. Adams, termination of employment was justified in this case. Considering the findings that Ms. Adams' unsatisfactory performance was found to be related to her attitude toward her supervisors, we cannot say that the Appointing Authority was in error in dismissing plaintiff.
Finally, plaintiff alleges that her unsatisfactory ratings by Ms. Cullen was retaliation for her actions in filing a grievance against Ms. Cullen in 1999. The Hearing Examiner appointed to hear this case apparently found no merit to that allegation, because he found that the ratings were justified. We can find no manifest error in this determination.
For the above-discussed reasons, we affirm the decision of the Jefferson Parish Personnel Board upholding appellant's termination. Costs of the appeal are assessed against appellant.
AFFIRMED.