956 So.2d 623 (2007)
Wayne E. ST. PE', Jr.
v.
JEFFERSON PARISH DEPARTMENT OF PUBLIC WORKS  DRAINAGE PUMP STATIONS.
No. 06-CA-779.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
*624 W. Chad Stelly, Blake G. Arata, Jr., C. Perrin Rome, III, Rome, Arata & Baxley, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Clement P. Donelon, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Wayne St. Pe', Jr. appeals from a judgment of the Personnel Board for the Parish of Jefferson (hereinafter "The Board") that upheld the termination of his employment and dismissed his appeal. For the following reasons, we affirm.
At the time of the appellant's termination, he was employed by Jefferson Parish Department of Public Works, Drainage Pump Stations, as a Drainage Pump Station Superintendent, II, responsible for all pump stations on the East Bank of Jefferson Parish.
On December 16, 2003, and December 18, 2003, appellant was sleeping while on the job. A pre-Disciplinary hearing was conducted by then Director M.A. Pirsalehy on January 12, 2004, and appellant was issued a warning that his actions constituted gross misconduct and was disruptive to the operations of the Department. Appellant was issued a final written warning, and was advised that any further occurrences would result in sever disciplinary actions.
On February 10, 2004, the appellant was again sleeping on the job. On February 17, 2004, a second Pre-Disciplinary hearing was conducted, and appellant received a written warning that any further instances of sleeping on the job would result in swift and severe disciplinary action up to and including termination.
On April 6, 2004, appellant was observed sleeping on the job. A pre-disciplinary *625 hearing was held, and at no time during the hearing did appellant allege that he was on break when he was observed sleeping. On April 7, 2004, the appointing authority terminated St. Pe's employment for his conduct in sleeping while on the job at that time.
On April 19, 2004, he filed a petition with the Jefferson Parish Personnel Board, appealing his termination. A Hearing Examiner was appointed, and a hearing was conducted over several nonconsecutive days. On February 2, 2006, the hearing examiner issued an opinion upholding his termination and dismissing his appeal.
Mr. St. Pe' filed an application for review of the hearing officer's decision. On July 5, 2006, The Board rendered judgment dismissing his appeal. Mr. St. Pe' timely filed for review with this court.
A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A). Adams v. Jefferson Parish Department of Community Action Programs, 02-1090 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147; Lewis v. Jefferson Parish Dept. of Public Works, 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215. A dismissal of a civil servant "for cause" is synonymous with legal cause. Adams, supra; Lewis, supra. Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Bruno v. Jefferson Parish Library Dept., 04-504 (La.App. 5 Cir. 11/30/04), 890 So.2d 604. Adams, supra.
A public employee may apply to the Board for a review of discharge or disciplinary action, at which time the appointing authority bears the burden of proving legal cause. Adams, supra. The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. La. R.S. 33:2561, Bruno, supra.
On appeal, this court should apply the clearly wrong or manifest error rule. Adams, supra. An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Adams, supra.
In his appeal, St. Pe' argues that the hearing officer committed manifest error or was clearly wrong in holding that the appointing authority showed by a preponderance of the evidence that he was sleeping while on duty on April 6, 2004, when the only two purported witnesses to this activity were disgruntled co-employees who were not present at the place and time they claimed to have observed Mr. St. Pe'.
St. Pe' points to the testimony of Mr. Robinson, one of the eye witnesses, who testified that he punched in at the ware-house where St. Pe's was in his office, when Robinson's timecard reflected that he actually punched in at the pump station, less than one block away. St. Pe' also argues that George Dunn's testimony that he videotaped St. Pe' sleeping on April 6th, when he had actually videotaped St. Pe' during the February 10th incident. St. PE' contends that the trial court erred in relying on the incredible testimony of these witnesses.
*626 The rule of "falsus in uno falsus in omnibus" provides that if one element of a witness' testimony is proved to be untrue, the entirety of that witness' testimony may be rejected by the trier of fact. This doctrine does not require rejection of the witness' total testimony and the weight to be given the remainder of the witness' testimony is to be determined by the trier of fact. Andrus v. Sanchez, 04-1063 (La.App. 5 Cir. 2/15/05), 898 So.2d 512.
The testimony and evidence presented in this case presents a reasonable basis for the findings of the hearing officer that "Mr. St. Pe' was sleeping on April 6, 2004 after being warned that to do so would be a reason for termination." We find no manifest error in the hearing officer's determination.
Mr. St. Pe' also contends that the actions of the appointing authority in terminating him were based on accusations made by persons having a planned retaliation against him for his having reported alleged illegal activities taking place within the Jefferson Parish Pumping Stations to the Metropolitan Crime Commission. We agree with the hearing officer's conclusion that "The fact that his subordinates and fellow employees were gathering evidence to facilitate his being disciplined does not pardon his behavior."
As noted supra, our review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause and that, unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. We cannot say that the hearing officer committed manifest error in his determination that appellant was sleeping on the job on April 6, 2004, and in dismissing St. Pe's appeal.
For the above discussed reasons, we affirm the decision of the Jefferson Parish Personnel Board dismissing Wayne St. Pe's appeal from the termination of his employment. All costs are assessed against appellant.
ARRIRMED.