971 So.2d 1169 (2007)
Henry E. WIGGINS, Jr.
v.
JEFFERSON PARISH DEPARTMENT OF PARKS & RECREATION.
No. 07-CA-334.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
*1170 Dwight W. Norton, Elmer G. Gibbons, Attorneys at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Clement P. Donelon, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Henry E. Wiggins, Jr., was suspended without pay from his employment with the Parish of Jefferson for an infraction of workplace decorum, a violation of the Regulations of Conduct for Employees of Jefferson Parish. He now appeals from that decision of the Jefferson Parish Personnel Board. We affirm the suspension, but reduce the penalty.
The Plaintiff is a heating, ventilation and air conditioning supervisor who has worked for the Parish for more than 25 *1171 years. On March 13, 2006, he worked for the Department of Parks and Recreation. That afternoon, he was dispatched to a playground to repair an air conditioning unit. According to the plaintiff, he needed to make bushings for a new motor to fit the unit, and went to the warehouse to obtain copper pipe. Unable to find the pipe cutter, he asked the warehouse supervisor where the tool was located. The supervisor in turn contacted John Doyle, the building manager. Doyle was suspicious of the Plaintiff's intended use of the copper, because copper is not normally used by air conditioner repairmen. He believed the Plaintiff wanted the pipe for personal reasons. Doyle informed the supervisor that the Plaintiff could not use the tool unless it was related to work. The Plaintiff then cut four pieces of lightweight copper pipe in varying diameters, heights and widths. The largest was three inches round, three-eighths of an inch high, and one-half of an inch wide.
In a discussion later that afternoon about the matter with Doyle, the Plaintiff was admonished not to use Doyle's tools. Doyle also reported the incident to the East Bank Maintenance Coordinator.
The next day, the Plaintiff was still upset and confronted Doyle. He had the pieces of pipe with him. Doyle was walking down a stairway at the time. During the confrontation, the Plaintiff cursed Doyle and tossed the four pieces of pipe into the air. The pipes struck Doyle in the chest. Doyle was not injured, but the incident resulted in disciplinary action against the Plaintiff.
In the pre-disciplinary action, the Plaintiff was charged with several violations of the Regulations of Conduct for Employees of Jefferson Parish ("Regulations"), in addition to the pipe throwing incident. The pre-disciplinary hearing was held in June of 2006. In July, the Defendant notified the Plaintiff his employment was terminated for (1) using Parish material for personal use, (2) throwing the pipe at Doyle, and (3) failing to timely follow orders to remove freon from certain units.[1]
The Plaintiff filed a civil service appeal. The Hearing Examiner issued a written judgment exonerating the Plaintiff from all of the charges, except the pipe throwing incident, and reduced his penalty to suspension without pay for seven months. He found the Plaintiff guilty of an infraction of workplace decorum for tossing the pipe.
On appeal, the Plaintiff asserts that the Hearing Examiner erred in imposing a suspension without pay, because it was evident that the Defendant was in bad faith in bringing false charges against him. The Plaintiff argues that two of the three charges clearly had no basis in fact, and since there was conflicting evidence regarding the pipe incident, it was also manifest error for the Hearing Examiner to fail to find his testimony more credible than the Defendant's witnesses. Alternatively, he contends the Hearing Examiner abused his discretion in suspending his employment without pay for seven months.
Before the hearing was concluded, the Defendant withdrew the charge related to freon removal. During the hearing the wrong air conditioning unit was presented as evidence against the Plaintiff, and pieces of pipe allegedly representing the actual pipe were discredited as inaccurate representations.
The Plaintiff denied that he took the pipe for personal use, contradicting Doyle *1172 and Frank Flonogan who testified that the Plaintiff told them that he wanted to cut pieces of pipe to make a belt buckle. He also denied throwing the pipe. The Plaintiff contended, contrary to the testimony of other witnesses, that Doyle knocked the pipe out of his hand as he tried to return the pieces to Doyle.
La. Const. Art. 10 Sec. 8(A) provides protection to a civil service employee disciplined without cause. Becker v. Jefferson Parish Dept. of Parks & Recreation, 07-19, p. 3 (La.App. 5 Cir. 4/11/07), 958 So.2d 1, 2; Adams v. Jefferson Parish Department of Community Action Programs, 02-1090, p. 3 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147, 1150; Lewis v. Jefferson Parish Dept. of Public Works, 99-16, p. 4 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, 559, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215. The appointing authority bears the burden of proving legal cause. Becker, 07-19 at p. 3, 958 So.2d at 2; Adams, 02-1090 at p. 4, 845 So.2d at 1150; Bruno v. Jefferson Parish Library Dept., 04-504, p. 7 (La.App. 5 Cir. 11/30/04), 890 So.2d 604, 608. Legal cause for disciplinary action exists if the facts found by the civil service commission disclose that the conduct of the employee impairs the efficiency of the public service. Becker, 07-19 at p. 3, 958 So.2d at 2; Adams, 02-1090 at p. 4, 845 So.2d at 1150; Bruno, 04-504 at p. 7, 890 So.2d at 608.
When a public employee applies to the civil service personnel board for a review of discharge or disciplinary action, the board has a duty to decide, independently from the facts presented, whether the appointing authority has borne its burden of proving that it had good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. La. R.S. 33:2561; Becker, 07-19 at p. 3, 958 So.2d at 2; Bruno, 04-504 at p. 7, 890 So.2d at 608.
An appellate court's review of an administrative disciplinary decision is limited to whether the decision was made in good faith for legal cause. Becker, 07-19 at p. 4, 958 So.2d at 3; Adams, 02-1090 at p. 4, 845 So.2d at 1050. The standard of review is whether the decision was clearly wrong or manifestly erroneous. Becker, 07-19 at p. 3, 958 So.2d at 2; Adams, 02-1090 at p. 4, 845 So.2d at 1050. Unless the record contains insufficient evidence to support the administrative decision or shows that it was clearly wrong, the decision must be affirmed. Becker, 07-19 at p. 4, 958 So.2d at 3; Adams, 02-1090 at p. 4, 845 So.2d at 1050.
In this case, the Hearing Examiner weighed the evidence and the credibility of the witnesses. He found that the pieces of pipe were very light, had very little mass, were not suitable for other purposes, the likelihood of injury from the toss was minimal, and no injury occurred. He further found that the throwing incident did occur, but that the Plaintiff neither tossed the pipe at Doyle nor intended to strike him.
After our review, we do not find that the Defendant exhibited bad faith in the disciplinary proceedings. We further find that the Hearing Examiner was not clearly wrong in his factual findings, and in decreeing the Plaintiff's behavior was an infraction of workplace decorum, a violation of the Regulations. However, we find the penalty imposed was arbitrary and exceeded the dereliction. Thus, we modify the judgment to reduce the Plaintiff's suspension to one month without pay, and to order the Defendant to reimburse the Plaintiff for any wages withheld during the subsequent six months of the suspension under the Hearing Officer's judgment.
Accordingly, the ruling of the Hearing Examiner/Referee is hereby amended in *1173 part to reduce the Plaintiff's suspension to one month without pay, effective February 12, 2007. Further, the Defendant is ordered to reimburse the Plaintiff for any wages withheld under the Hearing Officer's judgment in excess of one month.
AFFIRMED AS AMENDED.
NOTES
[1] The Plaintiff was found guilty following the pre-disciplinary hearing of violating eight rules of the Regulations arising from these three charges. Only the pipe throwing incident and the suspension without pay penalty are at issue in this appeal.