973 So.2d 799 (2007)
Joseph A. ALMERICO
v.
HARAHAN MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD.
No. 07-CA-502.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Brandon J. Venegas, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
*800 Thomas P. Anzelmo, Sr., Kyle P. Kirsch, Andre J. Lagarde, McCranie, Sistruck, Anzelmo, Hardy, Maxwell & McDaniel, Attorneys at Law, Metairie, Louisiana, for Intervenor/Appellee.
David I. Courcelle, Courcelle & Burkhalter, Attorney at Law, Metairie, Louisiana, for Appellee/Respondent.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiff, Joseph A. Almerico, appeals the December 21, 2006 judgment of the trial court which itself was rendered on appeal from a judgment of the Harahan Municipal Fire and Police Civil Service Board affirming the actions of the appointing authority, Harahan Police Chief Peter L. Dale, in terminating plaintiff's employment.
The procedural history of this case was set forth in our prior opinion, Almerico v. Dale, 05-861 (La.App. 5 Cir. 3/28/06), 927 So.2d 1190, 1191-2, and was adopted by the trial court in this proceeding. The trial court stated, as follows:
On March 7, 2005, Almerico filed a Petition for. Temporary Restraining Order, Preliminary and Permanent Injunction, Declaratory Injunction and Damages against Peter L. Dale, Chief of Police for the City of Harahan, The Harahan Police Department and the City of Harahan. In August 2004, Almerico began sick leave for, a work-related adjustment disorder, as diagnosed by his psychiatrist. Almerico alleges that he complied with the Civil Services Rules by providing a doctor's certificate for his request for sick leave. On September 30, 2004, Chief Dale "decommissioned" Almerico for alleged safety reasons.
On December 30, 2004, Chief Dale issued a General Order addressing the sick leave directed to his department and enumerating ten special regulations. Numerous conditions were included on the General Order, however, both parties argued that the only conditions at issue pertained to directive (1) ordering that the employee is required to provide medical documentation within seven days of returning to work; (8) the chief has the right to order medical documentation at any time irrespective to the number of days or number of times the employee has been absent; and (10) the chief has the right to order any employee to any physician [of] his or her choice, for full medical review and examination of the employee's illness.
On February 11, 2005, Chief Dale instructed the City of Harahan to not pay Almerico and on February 18, 2005, he wrote a letter to Almerico enclosing a copy of General Order and ordering Almerico to be examined by Dr. Howard Osofsky, a psychiatrist, bringing with him his medical records. On May 4, 2005, Almerico was terminated for disobeying the February 18th order regarding a medical exam. In Almerico's original petition to the court, he sought an injunction and declaratory judgment declaring that the General Order with respect to sick leave was null and void as violative of LSA-R.S. 33:2557. On June 9, 2005, the district court issued a judgment which declared most portions of the General Order to be without effect, except for directives 1, 8, and 10. The district court held those items were consistent with the enforcement of Civil Service Board Rules, and ordered Almerico to authorize production of his medical records under seal, including notes, to the independent psychiatrist, and to submit to an examination. Almerico appealed the district court's ruling *801 and urged that the Civil Service Board, not Chief Dale, has the right to promulgate sick leave rules. This issue was presented to the Fifth Circuit Court of Appeal and on March 28, 20006, the Court stated that the directives in question were encompassed within the Chief's day-to-day authority and the Harahan Civil Service Rules granted discretion to the chief in determining the authenticity of an employee's illness. Therefore, the Fifth Circuit held that the Chief Dale's order to report to an IME and produce medical records was not in conflict with the Civil Service Board's right to regulate sick leave, or its rules and the judgment of the district court was affirmed. On September 15, 2006, the Louisiana Supreme Court denied plaintiff Almerico's writ of certiorari and/or review.
Almerico then filed in the district court, seeking review of the Civil Service Board's finding that Chief Dale acted in good faith and with legal cause in terminating him for his failure to comply with the February 18th order, which was issued prior to a ruling from the district court (and this Court) on his petition for declaratory relief.
A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A). Adams v. Jefferson Parish Department of Community Action Programs, 02-1090 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147; Lewis v. Jefferson Parish Dept. of Public Works, 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215. A dismissal of a civil servant "for cause" is synonymous with legal cause. Adams, supra; Lewis, supra. Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Bruno v. Jefferson Parish Library Dept., 04-504 (La.App. 5 Cir. 11/30/04), 890 So.2d 604. Adams, supra.
A public employee may apply to the Board for a review of discharge or disciplinary action, at which time the appointing authority bears the burden of proving legal cause. Adams, supra. The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. La. B.S. 33:2561, Bruno, supra.
On appeal, this Court should apply the clearly wrong or manifest error rule. Adams, supra. An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Adams, supra.
The Board upheld the termination by a vote of 3-2 after a hearing was held on June 14 and June 15. The trial court reviewed that decision, and affirmed the decision of the Board.
Our review of the record before us finds that the record supports the decision of the Board, and of the trial court.
At the two day Board hearing, the testimony established that the appointing authority issued an order to Almerico to appear for an examination before Dr. Osofsky, and to sign a HIPPA release form. Almerico stated that he signed the form, albeit untimely, but that lie did not show up for the medical examination because his records had not been sent to Dr. Osofsky. *802 After the appointing authority conducted an internal affairs investigation and determined that Almerico failed to obey a direct order, Almerico was fired for insubordination.
At the hearing, Chief Dale testified that the Department depends on chain of command, and an employee does not have the right to decide whether they want to follow orders or not. Failure to follow orders can cause an erosion of the ability to provide public service. Almerico was third in command, and thus in the highest position of command under Dale and he was responsible for supervising 80% of the force. For him to blatantly disobey an order impairs his ability to supervise.
Almerico argues that the validity of the sick leave policy, specifically those that gave Chief Dale the authority to order him to go to the medical examination, had not been finally litigated, and therefore his failure to follow the rule was not insubordination. However, his request for TRO had been denied, his motion for preliminary injunction had been withdrawn, and the issue was presented before the court on petition for declaratory judgment. There was nothing at that time staying the order issued to Almerico.
In brief to this Court, Almerico first alleges that the June 9, 2005 judgment, which contained the provisos that his medical records could be ordered only under protective seal, somehow invalidated the order that he appear for medical examination. At the hearing, Dr. Osofsky stated that he would have preferred the opportunity to review the records prior to his examination, but he could still have conducted the examination and then reviewed the records, had Almerico kept the appointment. At the Board hearing, Almerico stated that he checked to see if his records had been delivered to Dr. Osofsky's office, and on finding that they hadn't her felt relieved. He also admitted that he did not provide any notice of his intent not to go to the examination appointment. The evidence presented clearly shows that Almerico was terminated for failing to appear for the examination, and not for failure to sign the release, which he stated he did sign.
Almerico next argues that the provision allowing the appointing authority to order an employee to submit to a medical examination divested him of earned right to sick leave. We disagree. This provision is not a substantive change to any sick leave rights that Almerico may have accrued.
Finally, Almerico alleges that both the board and the trial court erred in failing to consider whether Chief Dale was in good faith in terminating his employment. The trial court, in its reasons for judgment upholding the Board's decision stated that
This Court is under the opinion that the contested February 18th order was not completely invalidated and that certain portions, more specifically the order to attend an IME, were effectively amended and should have been complied with. The Civil Service Board as well as the Internal Affairs Investigation both viewed Almerico's action in failing to attend the medical exam with or without medical records as a direct violation of an order. This fact cannot be ignored and the alleged subjective actions of Chief Dale and Almerico are of no moment.
While the Court sympathizes with the result therein; the standard on review on appeal does not amount to a review of the findings of fact absent manifest error nor does the totality of the circumstances permit this Court to consider what course of actions should have been taken and were made with good faith. The question on appeal is whether there was legal cause for the Civil service *803 Board to render its decision. Adhering to the manifest error standard, the Court must view the Board's finding or fact and credibility of testimony with regard to a direct violation of the General Order and February 18th letter as sufficient grounds for termination.
Here the Board determined that the appointing authority had good cause to terminate Almerico for his actions in disobeying a direct order charging him to submit to an IME. They further determined that termination was commensurate with his insubordination, that being his refusal to follow the order. Our review shows that the record contains sufficient evidence to support the disciplinary decision, and reflects that the decision was not manifestly erroneous or clearly wrong.
For the above discussed reasons, the decision of the trial court affirming the ruling of the Civil Service Board is affirmed.
AFFIRMED.