CLARENCE E. McMANUS, Judge.
 

 12Brian K. Rebaldo appeals from a judgment of the Personnel Board for the Parish of Jefferson (hereinafter “Board”) that upheld the termination of his employment and dismissed his appeal. For the following reasons, we reverse the ruling of the Personnel Board and reinstate the ruling of the hearing officer that granted plaintiff a hearing on the issue of whether his drug ingestion was unintentional and whether he came to work under the influence.
 

 At the time of appellant’s termination, he was employed by the Jefferson Parish Department of Public Works, Drainage Pumps Stations (hereinafter “Appointing Authority”), as a Pump Station Operator.
 

 On August 16, 2007, appellant was required to take a random drug screening test. The test results were positive for amphetamines. The appointing authority terminated Rebaldo’s employment for a positive drug test on August 28, 2007.
 

 On September 27, 2007, he filed a petition with the Jefferson Parish Personnel Board, appealing his termination and alleging that “any finding that the substance abuse policy was intentionally violated is clearly wrong and any violation, which is denied, is a result of a mistake of fact and/or ignorance,” and that he mistakenly took a prescription drug containing amphetamine that was prescribed to his son.
 

 |SA Hearing Examiner was appointed, and a hearing was conducted at which testimony was received from both Rebaldo and Dr. Reiss, the medical review officer who verified the drug test results. On February 28, 2008, the hearing examiner issued judgment granting appellant a hearing on whether his drug use was intentional. The judgment further stated that it was the employee’s burden to prove lack of intent and also that he was not under the influence of the drug when he came to work.
 

 On March 5, 2008, the Appointing Authority filed an application for review from the hearing officer’s judgment. On June 26, 2008, the Board rendered judgment finding that intent was not an issue, and dismissing Rebaldo’s appeal. Written reasons for the Board’s decision were issued on July 24, 2008. Rebaldo timely filed for review with this Court.
 

 This Court, in the case of
 
 St. Pe’ v. Jefferson Parish Dept. of Public Works-
 
 
 *384
 

 Drainage Pump Stations,
 
 06-779 (La.App. 5 Cir. 3/13/07), 956 So.2d 623, 625, set forth the applicable law for determining a Personnel Board’s ruling:
 

 A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A).
 
 Adams v. Jefferson Parish Department of Community Action Programs,
 
 02-1090 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147;
 
 Lewis v. Jefferson Parish Dept. of Public Works,
 
 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215. A dismissal of a civil servant “for cause” is synonymous with legal cause.
 
 Adams, supra; Lewis, supra.
 
 Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service.
 
 Bruno v. Jefferson Parish Library Dept.,
 
 04-504 (La.App. 5 Cir. 11/30/04), 890 So.2d 604.
 
 Adams, supra.
 

 A public employee may apply to the Board for a review of discharge or disciplinary action, at which time the appointing authority bears the burden of proving legal cause.
 
 Adams, supra.
 
 The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. La. R.S. 33:2561,
 
 Bruno, supra.
 

 |4On appeal, this Court should apply the clearly wrong or manifest error rule.
 
 Adams, supra.
 
 An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed.
 
 Adams, supra.
 

 In this appeal, Rebaldo argues that the Personnel Board erred in determining that intent was not an issue. He further contends that there is a conflict between Jefferson Parish Personnel Rules and the Jefferson Parish Drug Policy.
 

 In this matter, appellant Rebaldo did not deny taking an amphetamine. His defense was that he accidentally ingested one of his son’s pills, instead of taking one of his prescribed medications. Rebaldo’s employment was terminated pursuant to Jefferson Parish Personnel Rules, Rule VI, Section 10.3(D) which states that:
 

 (D) A confirmed positive result from a urinalysis, refusal to participate in the drug testing program, or submission of an adulterated specimen shall be grounds for dismissal under Rule X of the Personnel Rules. The Appointing Authority involved, upon notification of a confirmed positive result from a urinalysis, the refusal to participate in the drug testing program, or the submission of an adulterated specimen, shall dismiss the employee, provided that such dismissal shall be taken in accord with Rule X of the Jefferson Personnel Rules.
 

 Appellant argues that the drug testing provisions are inconsistent with the Jefferson Parish Substance Abuse Policy. He cites Rule III, Section C(2), which provides that
 

 An employee is not permitted to use, possess, bring onto Parish premises, transfer, store, conceal, receive, transport, promote, sell or distribute illegal drugs or drug-related paraphernalia on Parish premises, including while engaging in Parish business off premises.
 

 And Section C(3) which states that
 

 An employee is not permitted to arrive on Parish premises, report to work, or
 
 *385
 
 perform his/her duties with any detectable quantity in the employee’s system of any illegal drug.
 

 | sRebaldo contends that there was a valid prescription for the amphetamine he ingested, albeit that the prescription was issued for his son. Thus, he did not ingest an “illegal” drug.
 

 There appears to be a conflict between the Jefferson Parish Personnel Rules, which Mr. Rebaldo had not been given, and the Jefferson Parish Substance Abuse Policy, which Mr. Rebaldo acknowledged and accepted as a condition of his employment. The language of the Substance Abuse Policy refers to intentional acts, which the Personnel Rules speak to usage only. The Personnel Rules require termination any time that an employee tests positive, regardless of the circumstances, while the Substance Abuse Policy seems to require an intent to consume illegal drugs. Appellant also analogizes his situation to one in which a pharmacist who errs in filling a prescription, and asks whether an employee should be penalized for accidentally ingesting a drug which he legally obtained even thought it was not prescribed for him.
 

 As a result of the decision of the Personnel Board, which reversed the ruling of the hearing officer, appellant was not given the opportunity to prove that he accidentally ingested the drug which was legally obtained and present in his household, nor was he given the opportunity to prove that he did not report for work while under the influence of that drug, and therefore he was not given a chance to prove that he did not violate the Jefferson Parish Personnel Drugs, that he agreed to follow.
 

 We therefore find appellant’s arguments to be meritorious. Accordingly, we reverse the decision of the Jefferson Parish Personnel Board, reinstate the decision of the Hearing Officer, and remand the matter for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.