WALTER J. ROTHSCHILD, Judge.
12John M. Nunez, Jr. seeks review a ruling of the Jefferson Parish Personnel Board which granted the Appointing Authority’s Motion to Dismiss his appeal of an action reassigning him to another position. For the reasons stated herein, we affirm.
On September 30, 2009, John Nunez, who is employed as a playground supervisor by the Jefferson Parish Department of Parks and Recreation, filed a Petition for Appeal following his September 2, 2009 reassignment to another playground within the department. By this appeal, Mr. Nunez alleged that he was entitled to whistle-blower protection for cooperating with a criminal investigation. He sought reas *339 signment back to his original position at Girard Playground.
On December 23, 2009, the Appointing Authority, Jefferson Parish Department of Parks and Recreation, filed a Motion to Dismiss on the basis that Mr. Nunez failed to plead his case with specificity according to the personnel rules. This matter was heard on January 12, 2010, and the hearing [^officer for the Personnel Board determined that the specificity requirements contained in the personnel rules did not apply to Mr. Nunez’s claim. The Motion to Dismiss was thus denied on February 18, 2010, and the matter was reset for trial on the merits.
On May 10, 2010, the Appointing Authority filed a second Motion to Dismiss, on the basis that Mr. Nunez failed to mitigate his damages by refusing an unconditional offer to transfer him to one of two playgrounds on the East Bank of Jefferson Parish. The merits of the appeal were heard before the hearing officer for the Personnel Board on May 25, 2010. During this hearing, counsel for Mr. Nunez asserted a motion to recuse the hearing officer and the motion was denied. Counsel for Nunez requested a stay to allow him to seek review of the ruling, but the hearing officer denied the request for a stay.
The trial proceeded as scheduled and Mr. Nunez was called as a witness by the Appointing Authority. He testified that he was employed by the Jefferson Parish Recreation Department for 13 years. He had been assigned for many years to Gir-ard Playground, which was in close proximity to his house, and his arrival time each day was set at 6 p.m. He stated that in September of 2009, he was transferred to Rose Thorne Playground in Lafitte which was almost 30 miles from his house and he was required to arrive at 5 p.m. He testified that this assignment resulted in an extreme hardship to him.
Mr. Nunez admitted that he received correspondence in May 2010 from C.J. Gibson, the director of the department, indicating that Mr. Nunez could be reassigned to Lakeshore Playground or Pontiff Playground, which were each approximately 7 miles from his house. Mr. Nunez also admitted |4that all employees except one had been transferred from Girard Playground at the same time as Mr. Nunez.
The Appointing Authority submitted into evidence the letter from Mr. Gibson offering Mr. Nunez a transfer to a playground closer to his home. The hearing officer then took the matter under advisement and allowed the parties to submit memos. The hearing officer then stated that the parties were in settlement negotiations and that he would continue the hearing to be reset at a later date. At this time, the Appointing Authority indicated that the positions at Lakeshore and Pontiff Playgrounds were still open and would be available to Mr. Nunez for two weeks.
Following the hearing, Mr. Nunez filed into the record several subpoena requests, and the Appointing Authority filed a Motion to Quash the requests. Further, C.J. Gibson, the Director of Jefferson Parish Parks and Recreation, sent correspondence dated June 3, 2010 to Mr. Nunez reiterating the unconditional offer of a transfer in position. The record also contains a letter dated June 7, 2010 from counsel for Mr. Nunez to counsel for the Appointing Authority indicating that Mr. Nunez was willing to accept the offer of a position at Lakeshore Playground, but that he would not agree to dismiss his case “until it can be resolved as to the remaining issues.”
Thereafter, the parties filed supplemental memoranda in support of and in opposition to the Appointing Authority’s Motion *340 to Dismiss. On July 6, 2010, the hearing officer rendered judgment dismissing the matter as being moot. The judgment also stated that all rights in any other forum that Mr. Nunez may by law assert would be preserved. Mr. Nunez now appeals from this judgment on the basis of several assignments of error.

¡¡¡Applicable Law

A civil service employee is afforded protection in disciplinary actions, taken without cause, pursuant to La. Const. Art. 10 Sec. 8(A). Adams v. Jefferson Parish Dept. of Community Action Programs, 02-1090 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147; Lewis v. Jefferson Parish Dept. of Public Works, 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215.
In Jefferson Parish, an aggrieved public employee may apply to the Personnel Board for a review of discharge or disciplinary action, at which time the appointing authority bears the burden of proving legal cause. Adams, supra. The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking the action. La. R.S. 33:2561; St. Pe’ v. Jefferson Parish Dept. of Public Works-Drainage Pump Stations, 06-779 (La.App. 5 Cir. 3/13/07), 956 So.2d 623, 625. The rules of the Personnel Board indicate that decisions of the Board shall be subject to review by this Court on any question of law or fact. Rule 8.1.
On appeal, this Court should apply the clearly wrong or manifest error rule. Adams, supra. An appellate court review of an administrative decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Adams, supra.

The Motion to Dismiss

Mr. Nunez first contends that the Personnel Board failed to give proper notice of the January 12, 2010 hearing on the Motion to Dismiss. 1 nFurther, appellant contends that the hearing officer improperly signed the Motion to Dismiss transmitted by facsimile setting the hearing for May 25, 2010. Appellant also contends that the hearing officer improperly denied Mr. Nunez’ subpoenas requested in connection with the hearing. Finally, Mr. Nunez contends that the hearing officer erred in granting the Motion to Dismiss.
Appellant contends that he failed to receive proper notice of the January 12, 2010 hearing on the Appointing Authority’s first Motion to Dismiss. However, the record in this case indicates that on December 29, 2009, the hearing officer scheduled the matter for hearing and faxed notice of the hearing to counsel for Mr. Nunez. Counsel for Mr. Nunez stated he did not receive the notice until January 8, 2010, but stated he was not requesting a continuance. The record indicates the hearing officer offered to continue the matter. Further, the record indicates the hearing officer ruled in favor of Mr. Nunez on this motion, and we therefore find no merit in appellant’s argument concerning a lack of notice of this hearing.
With regard to the notice of the hearing on the second Motion to Dismiss, the record indicates that the Motion was filed with the hearing officer by facsimile on May 10, 2010 and a hearing date was set for May 25, 2010. Both counsel for the Appointing Authority and the hearing officer stated on the record that a copy of the motion and order setting the hearing was faxed to counsel for appellant on the day it was filed, 15 days prior to the setting of *341 the hearing. The hearing officer stated on the record that he signed the faxed copy in order to keep the proceeding moving. Counsel for Mr. Nunez appeared at the hearing, and the hearing officer gave Mr. Nunez |7over 30 days to file an opposition to the motion. We fail to find error in the setting of this hearing or in the notice provided to appellant.
Appellant next contends that the hearing officer erred in failing to allow him to issue subpoenas duces tecum and further to subpoena counsel for the Appointing Authority for trial. The record indicates that the hearing officer allowed issuance of the subpoenas duces tecum, and the return was set for the Friday before the hearing. Counsel for Mr. Nunez did not appear to examine the documents. Further, the hearing officer stated that he disallowed issuance of the subpoenas for counsel for the Appointing Authority because counsel was to be present at the hearing. We find no abuse of discretion in this ruling, and the record shows that counsel was present at the hearing. Appellant suffered no prejudice as a result of the hearing officer’s decision not to issue the subpoenas.
Appellant argues that the hearing officer improperly dismissed the case as being moot as substantial issues remained in controversy in this matter. Appellant contends that he expressly reserved his right to continue to litigate the matter, and although he accepted an alternate position, he has not been restored to his original position and he has not been reimbursed for the mileage expenses incurred in trav-elling to Lafitte.
In rendering judgment on the Motion to Dismiss, the hearing officer found that the position Mr. Nunez accepted at Lakeshore Playground was substantially equivalent to the position he had held at Girard Playground, and that the Personnel Board had no authority to award compensatory damages for mileage or attorney’s fees. The hearing officer correctly concluded that the Personnel Board cannot award monetary damages for the alleged wrongful behavior. See, Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418, 425 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992); Crockett v. State Through Dept. of Public Safety and Corrections (Louisiana State Penitentiary, Angola), 97-2528 (La.App. 1 Cir.1998), 721 So.2d 1081, 1083.
In the present case, Mr. Nunez’ appeal to the Personnel Board sought reassignment to his original position. During the hearing of this matter, he also indicated he was seeking reimbursement for travel expenses as well as attorney’s fees. However, after Mr. Nunez accepted the position with Lakeshore Playground, there were no further issues to be resolved that were within the jurisdiction of the Personnel Board. Rather, the district court has jurisdiction under La. R.S. 23:967 to award compensatory damages and reasonable attorney fees for violation of whistleblower laws. Goldsby v. State, Dept. of Corrections, 03-343 (La.App. 1 Cir. 11/7/03), 861 So.2d 236, 239, writs denied, 04-328, 04-330 (La.4/8/04), 870 So.2d 271. Under these circumstances, we find no error in the ruling of the hearing officer dismissing Mr. Nunez’ appeal on the basis of mootness.

Recusal

Mr. Nunez next contends that the hearing officer had a conflict of interest in serving in his capacity as an impartial adjudicator and that the hearing officer improperly denied his Motion to Recuse and erred in continuing to preside over the matter after the recusal motion was filed. Appellant seems to argue that the hearing officer who was an appointee of the Jeffer *342 son Parish Personnel Board was in collusion with counsel for the Appointing Authority, a department within Jefferson Parish government.
However, the Jefferson Parish Personnel Board is a separate entity from the departments of Jefferson Parish government. There is no indication |9that there is an organizational conflict between the two entities which would cause the hearing officer to be biased in favor of the Appointing Authority.
The grounds for recusal before the Personnel Board are the same as those applicable in the trial court. Singletary v. Department of Public Works-Sewerage, 626 So.2d 741 (La.App. 5 Cir.1993), writ denied, 630 So.2d 791 (La.1994). Mr. Nunez relies on La. C.C.P. art. 151(A) which provides that a judge shall be recused when he “is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorneys or any witness to an extend that he would be unable to conduct fair and impartial proceedings.” La. C.C.P. art. 154 provides that if a valid ground for recusal is set forth in the motion, the judge shall recuse himself or refer the motion to another judge for a hearing.
Mr. Nunez moved to recuse the hearing officer in this case on two specific grounds: that he signed a faxed copy of the Motion to Dismiss and that he prevented subpoenas from being issued in this case. The hearing officer found no valid ground for recusal was set forth in the motion, and refused to either recuse himself or refer the matter to another judge for hearing. After a review of the record, we find no error in this ruling.
As previously discussed herein, both of the rulings complained of by appellant are reasonable exercises of the hearing officer’s discretion in handling the case. Although neither of the rulings were in appellant’s favor, there has been no showing that the rulings were the result of any bias or inability of the hearing officer to be impartial. As the hearing officer failed to find a valid ground for recusal set forth in the motion, the hearing officer did not err in continuing to preside over the case. We find no support in the record for appellant’s claim of bias or partiality on the part of the hearing 1 inofficer, and we thus fail to find the hearing officer erred in continuing to preside over this instant matter after denying the motion to recuse.

Conclusion

Accordingly, for the reasons assigned herein, we hereby affirm the judgment of the hearing officer for the Jefferson Parish Personnel Board dismissing appellant’s appeal as moot. Appellant shall bear all costs of this appeal.

AFFIRMED.