CHEHARDY, Chief Judge,
concurs in part and dissents in part.
11¾1 concur with the majority’s determination that this case is not in a proper posture for a ruling on constitutionality, but I respectfully dissent from their decision to affirm the Personnel Board’s ruling without further proceedings. I would vacate the judgment and remand to the Personnel Board for reconsideration and a new ruling.
I agree that the Parish does not have standing to assert the unconstitutionality of its own ordinance. The Parish’s self-contradictory response to the Employees’ claims — first raising constitutionality in the Board proceedings, then arguing that the Board cannot consider constitutionality — illustrates that the Parish must seek another way to deal with the Tenure Award.[9]
In my view, a refusal by an appointing authority to pay a salary to which an employee is entitled may be analogized to a disciplinary action by the appointing authority.
A parish civil service employee may apply to the personnel board for review of a disciplinary action, at which time the appointing authority bears the burden of proving legal cause. Lewis v. Jefferson Parish Dept. of Pub. Works, 99-16, p. 4 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, 559, writ denied sub nom., Lewis v. Jefferson Paris Dept. of Public Works, 1999-2906 (La.1/14/00), 753 So.2d 215. The board can then consider only whether the action taken against the employee was made in good faith for cause. Id.
Legal cause for disciplinary action exists if the facts found by the board disclose *610 that the conduct of the employee impairs the efficiency of the public service. Id. The burden of proof of the appointing authority in a civil service case, such as this one, is by a “preponderance of the evidence.” Id.
“An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause.... ” Id., 761 So.2d at p. 560.
The record before us shows the Board predicated its ruling on an improper foundation — the constitutionality of the Tenure Awards Program, which the Board is not authorized to determine, rather than on whether the actions taken against the Employees were made in good faith for cause. In my opinion, the ruling should be vacated and the matter remanded for reconsideration and a new ruling by the Personnel Board.
Accordingly, I concur in part and dissent in part.

. Since the Tenure Awards Program was established by parish ordinance, a logical alternative would be for the Parish to seek passage of another ordinance removing it from the Pay Plan.