HANS J. LILJEBERG Judge.
12Appellant, Lonnie Robinson, appeals a judgment of the Personnel Board for the Parish of Jefferson that upheld the termination of his employment and dismissed his appeal. For the following reasons, we affirm.

*435
Procedural History

Mr. Robinson was terminated from his employment with the Parish of Jefferson, effective January 18, 2013. On January 31, 2013, Mr. Robinson exercised his right to appeal the Parish of Jefferson’s decision to terminate his employment. A hearing examiner, Theodore Nass, was appointed and a hearing was held on April 2, 2013, wherein the hearing examiner affirmed the decision of the Parish of Jefferson and dismissed the appeal.
Mr. Robinson thereafter sought review of the hearing examiner’s decision. By order signed April 23, 2013, the Personnel Board affirmed the hearing examiner’s decision and dismissed the matter. Mr. Robinson filed a motion for appeal with this Court pursuant to Rule 30 of the Jefferson Parish Personnel Board Rules of Appeal Procedure. His appeal follows.

Factual History

Mr. Robinson was employed by the Jefferson Parish Department of Public Works-Drainage from April 17, 1989, through January 18, 2013, as a classified civil servant. Prior to his termination, Mr. Robinson was employed as a ^Superintendent II on the east bank of Jefferson Parish with duties and responsibilities including structural maintenance, investigation of complaints, supervising and managing personnel, equipment, and daily operations.
Mr. Robinson’s departmental discipline began after Mr. Robinson suffered a cerebral vascular accident (CVA) or stroke in October 2006 that resulted in right-sided weakness and loss of coordination. Mr. Robinson recovered and was released to return to work in March 2007. Upon his return to work, however, Mr. Robinson received numerous disciplinary reprimands after displaying insubordinate and disruptive behavior. Such displays included damage to parish and private property in excess of $2,500.00;[1] discourteous interaction with persons outside as well as within the department;[2] threatening a fellow employee that his “day was coming” and he “should be careful;”[3] and emailing Parish President John Young about “Judgment Day.”[4] Mr. Robinson additionally accused the Parish of Jefferson of payroll fraud; maintained that he was being harassed because of his actions as a whistleblower; and demanded that the Parish compensate him in the amount of $80,000,000.00 for his *436 grievances.[5] This behavior ultimately | culminated in Mr. Robinson being placed on an involuntary leave of absence pursuant to Jefferson Parish Personnel Rule IX, §§ 14.2 and 14.4. [6], [7] Specifically, the Parish was concerned that Mr. Robinson may be suffering from a mental health condition and directed him to take his position description to an attending physician so that the physician could provide written certification of Mr. Robinson’s fitness to perform his job duties satisfactorily.
Mr. Robinson thereafter saw Dr. Nguyen, who opined that Mr. Robinson was physically fit to perform his work duties. Mr. Robinson was additionally evaluated for fitness for duty by Jefferson Parish Medical Review Officer Dr. David Reiss pursuant to Jefferson Parish Personnel Rule IX, § 14.3.[8] Upon evaluation, Dr. Reiss, aware of both the potentiality for serious and dangerous changes in people post-CVA and the seriousness of Mr. Robinson’s accusations, opined that Mr. Robinson should be evaluated by a forensic psychiatrist, and suggested Mr. Robinson see Dr. Daphne Glindmeyer.
Mr. Robinson saw Dr. Glindmeyer on August 3, 2012, and again on August 24, 2012. Dr. Glindmeyer, however, was unable to complete an evaluation on | ^August 3, 2012, due to Mr. Robinson’s failure to fully cooperate. Mr. Robinson attempted to have Ms. Margie Seeman of the Citizens for Good Government accompany him in his evaluation, which Dr. Glindmeyer explained was not allowed. He had several questions with regard to the purpose of *437 the evaluation and the referral process. He further attempted to tape his meeting with Dr. Glindmeyer, which Dr. Glindmeyer explained also was not allowed. Dr. Glindmeyer ultimately terminated the evaluation, feeling that it was in Mr. Robinson’s best interest to obtain information and records from the Parish regarding his referral before moving forward.
Dr. Glindmeyer subsequently evaluated Mr. Robinson at their second meeting. Dr. Glindmeyer authored two reports dated October 10, 2012, and November 7, 2012. Based upon her evaluation, Mr. Robinson’s medical records, and his workplace documentation, Dr. Glindmeyer diagnosed Mr. Robinson with psychotic disorder due to a general medical condition, specifically post-stroke and craniotomy. Dr. Glindmeyer explained that Mr. Robinson presents as an individual who has paranoid delusional disorder and that Mr. Robinson’s delusions are mainly associated with his work at the Jefferson Parish Drainage Department. She stated that Mr. Robinson spends a tremendous amount of time thinking about the issues of “racial discrimination” and “payroll fraud” within the drainage department, and has become more paranoid that the Parish is trying to somehow wrong him or remove him because he was a “key witness.” Dr. Glindmeyer additionally explained that outside work, Mr. Robinson is typically a functioning member of society.
Dr. Glindmeyer ultimately opined that Mr. Robinson should not return to work pending a psychiatric evaluation and treatment, and that any return to work at a future date should be coordinated with Mr. Robinson’s treating psychiatrist. Dr. | (¡Glindmeyer explained that Mr. Robinson’s “delusional ideations are paranoid in nature and focus on work related issues;” therefore, “work related stressors would only serve to exacerbate and reinforce his delusional ideations.”
Mitch Theriot, Director of Drainage for the Parish of Jefferson, terminated Mr. Robinson from employment effective January 18, 2013, finding that Mr. Robinson was not fit for duty; i.e., that he could not effectively, safely, and satisfactorily perform the duties of his position.

Law & Discussion

The Jefferson Parish Department of Public Works-Drainage is a classified civil service system governed by a statutory system established by Title 33, Chapter 5, Part I of the Louisiana Revised Statutes. A classified civil servant is afforded protection in disciplinary actions taken without cause. La. Const. art. 10 § 8(A); Becker v. Jefferson Parish Dept. of Parks & Recreation, 09-662 (La.App. 5 Cir. 1/12/10), 30 So.3d 1007; Adams v. Jefferson Parish Department of Community Action Programs, 02-1090 (La.App. 5 Cir. 4/29/2003), 845 So.2d 1147; Lewis v. Jefferson Parish Dept. of Public Works, 99-16 (La.App. 5 Cir. 5/19/99), 761 So.2d 558, writ denied, 99-2906 (La.1/14/00), 753 So.2d 215. A dismissal of a civil servant “for cause” is synonymous with legal cause. Lewis, 761 So.2d at 559. Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Id. Further, the appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause. Becker, 30 So.3d at 1013; Pope v. New Orleans Police Dept., 04-1888 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 5-6.
The civil service provisions of the Louisiana Constitution are designed to protect public career employees from political discrimination, such that “ ‘non-jpolicy? forming public employees are selected on *438 the basis of merit and can be discharged only for insubordination, incompetency, or improper conduct,.and not for religious or political reasons.” Becker, 30 So.3d at 1013; Bannister v. Dep’t of Streets, 95-404 (La.1/16/96), 666 So.2d 641, 645.
In Jefferson Parish, aggrieved public employees may apply to the Personnel Board for a review of discharge or disciplinary action, at which time the appointing authority bears the burden of proving legal cause. Adams, 845 So.2d 1147. The Personnel Board can then consider only whether the action taken against the' employee was made in good faith for cause. La. R.S. 33:2561; Ruddock v. Jefferson Parish Fire Civil Service Bd., 96-831 (La.App. 5 Cir. 1/28/97), 688 So.2d 112, 114-15.
On appeal, this Court should apply the clearly wrong or manifest error rule. Wilson v. Jefferson Parish, 95-470 (La.App. 5 Cir. 1/17/96), 668 So.2d 1167, writ denied, 96-0413 (La.4/19/96), 671 So.2d 927. If made in good faith and for statutory cause, a decision of the civil service board should not be disturbed on judicial review. Moore v. Ware, 01-3341 (La.2/25/03), 839 So.2d 940, 945. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Id. Arbitrary or capricious behavior means without rational basis for the action taken. Id. at 946.
Based on the above principles and our review of the record, we find no error in the Personnel Board’s finding. Mr. Robinson’s record of employment reflects that he was repeatedly disciplined and/or reprimanded for violating Parish and departmental policies/rules. The record reflects that Mr. Robinson received several written warnings, dated May 7, 2008, October 21, 2008, April 15, 2009, December 1, 2009, May 19, 2012, and June 28, 2012, regarding his insubordinate, disruptive, and threatening behavior. Mr. Robinson’s supervisors additionally met with him |sregarding his behavior and placed him on suspension, warning him that he would be terminated if his behavior did not improve.
Moreover, Dr. Glindmeyer, testifying as an expert in forensic psychiatry, explained at the hearing that Mr. Robinson suffers from a psychiatric disorder that is only made worse by being in his work environment. Dr. Glindmeyer testified that it was in Mr. Robinson’s best interest that he not return to work at the drainage department until or unless he is treated for his disorder and his treating psychiatrist suggests that he return.
Mr. Robinson presented no expert testimony to refute Dr. Glindmeyer’s diagnosis and opinions.
The appointing authority must prove by a preponderance of the evidence that the employee’s conduct did in fact impair the efficiency and orderly operation of the public service. Becker, supra at 1015. In light of the evidence and testimony presented at Mr. Robinson’s hearing, we find that the Parish of Jefferson met its burden and that the Personnel Board was not clearly wrong or manifestly erroneous in upholding Mr. Robinson’s termination.

Decree

For the foregoing reasons, we affirm the decision of the Jefferson Parish Personnel Board upholding Mr. Robinson’s termination. Costs of the appeal are assessed against Mr. Robinson.

AFFIRMED.

. Mr. Robinson, utilizing his parish vehicle, entered private property to relieve himself. The parish vehicle became stuck and he called for a parish backhoe and dump truck to free his vehicle. The backhoe and dump truck also became stuck, causing additional damage to private property. Mr. Robinson was also reported by the lease holder as being rude and discourteous. On a separate occasion, Mr. Robinson backed his parish vehicle into Drainage Department equipment, causing damage, and failed to report the accident per parish policy. Additionally, Mr. Robinson received a red light and speeding ticket while utilizing his parish vehicle.

. Mr. Robinson called his supervisor a ‘‘pencil” and a “sissy,” threatening Mr. Detiege that he was going to "get him.” Mr. Robinson additionally entered his supervisor's office while a meeting was being held with two fellow employees and yelled, "BAM!” stating "I gotcha for misappropriating federal money, Ha Ha Ha,” while waiving a piece of paper in the air.

. Mr. Robinson threatened Larry Palmisano, a fellow parish employee, that he would "get him,” that the “FBI was coming,” he “should be careful,” his "God was bigger than [Mr. Palmisano's] God," that he "better watch out,” and that his "lawyer was going to get him.”

. On June 28, 2012, Mr. Robinson sent Parish President John Young an email entitled, "Judgment Day choice that we made before GOD,” wherein he repeatedly quoted Bible scripture.

. Mr. Robinson has consistently maintained and asserted that the Jefferson Parish Drainage Department racially discriminated against a fellow employee, Leon Melancon, by promoting employee, Frank Maness, rather than Mr. Melancon. Mr. Robinson has further maintained that Mr. Maness was paid a salary for a position that he was neither qualified for nor did he perform the duties of. He thereby asserted that the Parish of Jefferson committed payroll fraud and misappropriation of federal funds. These claims were investigated by both the Jefferson Parish District Attorney’s Office and the United States Equal Employment Opportunity Commission. Neither agency found any evidence of wrongdoing.

. Jefferson Parish Personnel Rule IX, § 14.2, states, in part:
Whenever an Appointing Authority concludes that an employee is unable to perform the essential functions of his position satisfactorily and/or without endangering himself, other employees and/or the general public, with or without reasonable accommodation that does not present an undue hardship, and the Appointing Authority believes that this inability to perform may be the result of a medical condition, physical or mental, the Appointing Authority may require the employee to undergo examination by a Parish physician, at Parish expense, certifying that the employee is not affected by a medical condition which interferes with the employee’s ability to perform the essential functions of his position satisfactorily and/or without endangering himself, other employees and/or the general public, with or without reasonable accommodation that does not present an undue hardship.
Jefferson Parish Personnel Rule IX, § 14.4, states:
Pending the receipt of the Parish physician’s certification, the Appointing Authority may place the employee on a leave of absence charged to the employee’s accumulated Sick Leave, accumulated Annual Leave or Leave Without Pay, subject to the conditions set forth in Section 5.1(A-D) of this Rule.

. Upon being placed on fitness for duty leave, Mr. Robinson exercised his right to appeal that action under docket no. 2012-20 before the Jefferson Parish Personnel Board. On January 8, 2013, after a hearing, the hearing examiner ruled that Mr. Robinson was not fit for duty and dismissed his appeal.

. Jefferson Parish Personnel Rule IX, § 14.3, states:
The Appointing Authority may require an employee to undergo examination by a Parish physician, at Parish expense, for the purpose of obtaining confirmation of the employee’s ability to return to or continue in his position.