BRADLEY M. WAX

VERSUS

PARISH OF JEFFERSON,  DEPARTMENT OF
INSPECTION AND CODE ENFORCEMENT

NO. 22-CA-4

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE JEFFERSON PARISH PERSONNEL BOARD
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-9
RUFUS C. HARRIS, III, CHAIRMAN, MICHAEL L. FANTACI, AND
DANIEL R. MARTINY, BOARD MEMBERS PRESIDING


September 28, 2022


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**<u>AFFIRMED</u>**
    **FHW**
    **JGG**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
BRADLEY M. WAX
     In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
PARISH OF JEFFERSON, DEPARTMENT OF INSPECTION AND CODE
ENFORCEMENT
     Teri Black

**WICKER, J.**

Appellant, Bradley Wax, seeks review of the July 20, 2021 Jefferson Parish Personnel Board ("the Board") judgment summarily dismissing his petition to appeal the termination of his working test period as a "Building Planner I" and the reinstatement of his regular employment position as a "Pump Station Operator II" without an evidentiary hearing. For the following reasons, we find that Mr. Wax, a probationary or working test period employee in his position as a building planner, failed to sufficiently allege in his petition that the termination of his working test period was the result of discrimination in accordance with Jefferson Parish Personnel Board Rule II, Section 4.3. Accordingly, we find that the Board did not err in dismissing the appeal and we affirm the July 20, 2021 judgment.

The record reflects that, on May 4, 2021, the Director of Jefferson Parish Department of Inspection and Code Enforcement forwarded to Mr. Wax a determination letter charging Mr. Wax with "violating Parish and Departmental work rules." In the letter, the Director set forth that Mr. Wax had been employed as a Building Plan Reviewer I with the Department of Inspection and Code Enforcement since November 7, 2020, and remained in his probationary period.[1]

The letter further set forth the factual allegations that led to the disciplinary charges, as follows:

- On April 19, 2021, while having a discussion with your supervisor, Building Plan Reviewer III Tramone Chetta, regarding a job assignment you were working on, you became frustrated, stormed out of the office and shouted profanities that could be heard by the entire plan review team.

- Several minutes later you were called back to Ms. Chetta's office to discuss the incident and your inappropriate behavior. Building Inspector III Jason Manning was also present at this time.

- On January 20, 2021, a similar outburst happened between you and your supervisor while working remote. You were working remotely and while discussing an MRTPD Application for 224 Glenwood

---

[1] The letter stated that Mr. Wax's working test period had been extended on March 24, 2021.

Drive you became frustrated and abruptly hung up on Ms. Chetta during the conversation.

The letter concluded that Mr. Wax violated various Parish and departmental work rules as follows:

- You engaged in prohibited conduct that was unbecoming and reflects unfavorably on yourself, the Department, and the Parish.

- Your behavior was inappropriate, unprofessional and disruptive. Your profanity was overheard by several employees as well as a customer on the phone. As a Jefferson Parish employee, it is expected of you to behave in a respectful and civil manner at all times.

- While you were frustrated and your outburst may have provided short-term relief, the long-term consequences could be damaging for your career. It is critical to communicate effectively with others and to use proper channels to voice your concerns and dissatisfaction.

The letter advised Mr. Wax that, pursuant to Jefferson Parish Personnel Rule VII, Section 4.7, his working test period would terminate and he would be reinstated to his former position of Pump Station Operator II in the Department of Drainage. The letter set forth that Jefferson Parish Personnel Rule VII, Section 4.7 provides:

A regular employee who has been promoted to a position of a higher class and who subsequently is removed from that position before acquiring full civil service status therein, unless the removal was for disciplinary reasons, shall be reinstated in his former position subject to the following:

(1) A regular employee who is promoted from a position in one organization unit to a position of a higher class in another organization unit and who subsequently is removed during his working test period, or while serving provisionally or on a conditional basis, shall be reinstated in his former position in the organization unit from which promoted if a vacancy exists therein or if the present incumbent is on promotional leave of absence as provided for in Section 4.7(2), below; or shall be reinstated in any other vacant position in the same class in the organization from which promoted; or shall be reinstated to any other vacant position in the organization unit to which the employee may have been assigned, or transferred from his former position; provided he possesses the necessary qualifications to perform the duties of such position, as determined by the Director. If reinstated as herein authorized or required, the employee shall not be made to serve a new working test period. If the employee cannot be reinstated as herein authorized, the Director shall upon the employee's written request

submitted within one (1) year from removal, place his name on a preferred re-employment list for the class of positions from which he was promoted.

On June 2, 2021, Mr. Wax filed a "Petition of Appeal to Personnel Board," seeking to appeal the termination of his working test period as a Building Planner I and demotion to his original employment position, Pump Station Operator II. In his petition, Mr. Wax stated that the allegations against him were inaccurate and exaggerated. Further, Mr. Wax checked the box to indicate that he alleged discrimination as a reason for his termination. Mr. Wax attached a typed letter setting forth his allegations concerning discrimination. In his attachment, Mr. Wax admitted that he used expletive language on one occasion, but alleged that all employees and supervisors have similarly violated various personnel rules but have not been terminated or disciplined.

On July 20, 2021, the Personnel Board summarily dismissed Mr. Wax's petition for appeal, finding that as a permanent employee but in probationary status in his position as a building planner, he is not guaranteed an appeal and, further, that he failed to sufficiently plead his discrimination claim as required under Jefferson Parish Personnel Rules of Procedure, Rule II, Section 4.4. Mr. Wax sought reconsideration of the Board's dismissal of his appeal, which was subsequently denied. This timely appeal followed.

The Jefferson Parish home rule charter established the Jefferson Parish Personnel Board and provides that it shall be "policy-making and quasi-judicial in nature." Jefferson Parish Charter, Art. 4, Section 4.03(C). In Jefferson Parish, aggrieved regular public employees may apply to the Personnel Board for a review of discharge or other disciplinary action to test the reasonableness of that action, at which time the appointing authority bears the burden of proving legal cause. Jefferson Parish Personnel Rules, Rule II, Section 4; *Maes v. Jefferson Par. Dep't*

*of Emergency Mgmt. Pers. Bd.*, 21-191 (La. App. 5 Cir. 11/24/21), 2021 WL 5831350, citing *Robinson v. Jefferson Par. Dep't of Pub. Works-Drainage*, 13-474 (La. App. 5 Cir. 12/19/13), 131 So.3d 433, 438; see also *Bruno v. Jefferson Par. Libr. Dep't*, 04-504 (La. App. 5 Cir. 11/30/04), 890 So.2d 604, 607.

The Jefferson Parish Personnel Rules of Procedure, Rule II, Section 4.4 states that a probationary or working test period employee "shall have a right of appeal to the Board; provided, that he specifically alleges that the action appealed from resulted from discrimination due to race, color, national origin, sex, religion, age, disability, politics, or other specified cause unrelated to merit-employment considerations." Rule II, Section 4.3 provides that an employee's appeal alleging discrimination must be set forth in detail, and that the petitioner bears the burden of pleading discrimination with specificity.

On appeal, Mr. Wax contends that because he is a permanent Jefferson Parish employee, in the position of a Pump Station Operator II, he should be entitled to an appeal as any other permanent employee. We disagree. We find that Section 4.4 of the Jefferson Parish Personnel Rules applies to working test period or probationary employees in their current position who have not yet reached full civil service status in that position. Mr. Wax has not been terminated as a regular employee, but rather his working test period has been terminated and his regular employment position has been reinstated. Because he seeks to appeal the termination of his working test period or probationary status as a Building Planner I, we find that Rule 4.4, applicable to working test period or probationary employees, applies and that he is not guaranteed a right to appeal. We further find that Mr. Wax failed to allege any acts of discrimination as defined in Jefferson Parish Personnel Rule 4.4, which requires an employee to set forth with specificity in which way he or she was discriminated against "due to race, color, national origin, sex, religion, age, disability, politics, or other specified cause[.]" In his

petition, Mr. Wax failed to allege any adequate discriminatory basis for his claims.[2]

Accordingly, for the reasons stated, we find that the Personnel Board did not err in dismissing Mr. Wax's petition for appeal and we affirm the Board's July 20, 2021 judgment.

**<u>AFFIRMED</u>**

---

[2] Mr. Wax further set forth no facts to indicate that amendment to his petition would provide sufficient factual evidence to support any discrimination claim.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-4**

### E-NOTIFIED
JEFF PARISH PERSONNEL BOARD (CLERK)
CRYSTAL M. HEINE (APPELLEE)

### MAILED
JEFFERSON PARISH PERSONNEL BOARD
(DISTRICT JUDGE)
200 DERBIGNY STREET
SUITE 3100
GRETNA, LA 70053

BRADLEY M. WAX  (APPELLANT)
20 CAMDEN COURT
MANDEVILLE, LA 70471

TERI BLACK (APPELLEE)
ATTORNEY AT LAW
200 DERBIGNY STREET
SUITE 5200
GRETNA, LA 70053