CHRISTOPHER FERNANDEZ

VERSUS

JEFFERSON PARISH DEPARTMENT OF
PUBLIC WORKS-SEWERAGE

NO. 22-CA-319

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH PERSONNEL BOARD
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-5
RUFUS C. HARRIS, III, CHAIRMAN, MICHAEL L. FANTACI, AND
DANIEL R. MARTINY, BOARD MEMBERS PRESIDING

February 27, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
  **MEJ**
  **RAC**
  **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CHRISTOPHER FERNANDEZ
    Jessica M. Vasquez

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH DEPARTMENT OF PUBLIC WORKS-SEWERAGE
    Crystal M. Heine

**JOHNSON, J.**

Appellant, Christopher Fernandez, seeks review of the March 29, 2022 Jefferson Parish Personnel Board ("the Personnel Board") judgment that found he was guilty of misconduct and his termination from his permanent classified civil service employee position as an Engineer III at the Department of Public Works was warranted, and dismissed his appeal after a two-day hearing. For the following reasons, we find that the Personnel Board did not err in dismissing the appeal, and we affirm the March 29, 2022 judgment.

## FACTS AND PROCEDURAL HISTORY

Christopher Fernandez was employed as a permanent civil service employee by the Jefferson Parish Department of Public Works – Sewerage ("the Department") for over 23 years, most recently as an Engineer III. On August 3, 2020, a pre-disciplinary meeting was held where Michael Lockwood, Director of the Department, Brent Todd, Assistant Director and Mr. Fernandez's immediate supervisor, and Human Resources Manager, Jonas Perriott, advised Mr. Fernandez that there were 31 days within the relevant evaluation period where he was absent without leave ("AWOL") of work in excess of any leave time he had earned or accumulated. Mr. Fernandez responded that his AWOL absences, which began in December 2019, were caused by job-related stress: he felt that the Department was understaffed and he had too many job responsibilities. The Department's position was that Mr. Fernandez's absences exacerbated the pressures of his workload and that delegating tasks to his subordinates, or other departments when appropriate, should lessen his workload. The Department also suggested he consider applying for leave pursuant to the Family Medical Leave Act ("FMLA leave"). Mr. Fernandez was informed that he would "be rated as below expectation in attendance," he would not receive a merit raise or tenure pay for the upcoming year, and he would be put on probation for two to six months.

The Department sent Mr. Fernandez a letter dated September 9, 2020 informing him that the Director found that he was in violation of several Parish and departmental work rules as outlined in the following policies: 403 – Attendance Leave and Absence; 502 Maintaining Standards of Effective Service; and 503 Reporting and Performance of Duty. He was advised again that he should seek FMLA leave and told that the letter was his "**final warning**" and further infractions would lead to "stricter disciplinary action." (Emphasis in original).

Director Lockwood sent Mr. Fernandez another letter dated February 25, 2021, following a second pre-disciplinary meeting held two days earlier. The determination letter advised that Mr. Fernandez was re-evaluated pursuant to Jefferson Parish Personnel Rules Rule XII Section 1.6 on January 29, 2021 and rated "**Below Expectations Overall**" a second time. (Emphasis in original). The Director found that he violated the following Department policies during the probationary period: 501 General Provisions (Employee Values, Conduct Unbecoming an Employee, Courtesy); 503 Reporting for Duty; and 508 Workplace Violence. In addition to being AWOL 27 times since his last evaluation, the Director determined that Mr. Fernandez engaged in prohibited conduct and demonstrated poor judgment, was insubordinate and neglected his duties as an Engineer III by refusing to complete work assignments given to him by Mr. Todd, and was disrespectful and used "offensive, inappropriate, and unprofessional" language in communications with Mr. Todd and administrative assistant Cindy Joyner. Director Lockwood resolved that Mr. Fernandez's behavior was not that of a "dutiful supervisor" and had "eroded his credibility." In conclusion, the letter advised Mr. Lockwood that his termination was effective March 3, 2021 at 3:30 pm, a copy of his performance re-evaluation was enclosed, and that he had 30 days from the effective date of the action taken against him to appeal to the Personnel Board, in writing.

Mr. Fernandez timely filed a Petition of Appeal to Personnel Board on April 1, 2021 that alleged the Department had discriminated against him based on his disability – he is diagnosed with Depression. The petition also alleged that Mr. Fernandez worked "standby" hours without receiving standby pay, there were no instances of workplace violence as defined by Parish policy, and the comments he made to Mr. Todd and Ms. Joyner did not rise to "the level of profanity or offensive." The Department filed a Motion and Memorandum for Summary Disposition/Dismissal by Appointing Authority on June 17, 2021. The Department argued that the Personnel Board lacked jurisdiction over disability and wage matters, and Mr. Fernandez failed to sufficiently plead facts in support of his discrimination claim per the Jefferson Parish Personnel Rules. Referee Theodore W. Nass issued a Rule to Show Cause and set it for hearing on June 28, 2021. Mr. Fernandez filed a Memorandum in Opposition a few days before the hearing. He responded that the Personnel Board did have jurisdiction over ADA and discrimination claims and his claims were sufficiently pled.

At the hearing on June 28, 2021 on the Rule, Referee Nass stated that he would not "try ADA matters unless some [appellate] court tells [him] he should." However, Referee Nass agreed to allow Mr. Fernandez to "try and prove" he was being overworked, and "that he was terminated because he couldn't do the extra work that was required of him." Further, he found that any other discrimination actions Mr. Fernandez tried to argue outside those parameters "are not properly pled." In a subsequent order issued on July 31, 2022, Referee Nass stated, "the issues of disability discrimination and unpaid wages can be presented in this matter limited to: evidence related to Mr. Fernandez's workload, being overworked, and the reasonableness of termination in light of that evidence."

The appeal hearing took place on November 2, 2021 and March 16, 2022. The Department and Mr. Fernandez called several witnesses, including Director

Lockwood, Assistant Director Todd, Ms. Joyner, and a few of the dispatchers that Mr. Fernandez supervised. The Department also entered into evidence email correspondence between Mr. Fernandez and his family members and emails related to online shopping to refute Mr. Fernandez's claims that he did not have adequate time to complete his work assignments. The Department also introduced email documentation, including emails Mr. Fernandez sent to Mr. Todd after he was terminated, offered to show at least five of Mr. Fernandez's colleagues thought he posed an imminent threat of workplace violence. Another email chain among Mr. Todd, Mr. Fernandez, and others was offered as proof of his refusal to complete assigned tasks that were part of his job responsibilities. Mr. Fernandez offered into evidence his FMLA paperwork, leave reports, and a Staff Hour Estimation spreadsheet to support his argument that it was impossible to complete his assigned tasks in the 1,752 hours available to work at the Department in a year.

On March 28, 2022, Referee Nass issued a judgment in favor of the Department – the appointing authority in this case. He found that the Department proved Mr. Fernandez was "guilty of many acts of misconduct and his termination was warranted."[1] Referee Nass also noted that, because Mr. Fernandez's annual

---

[1] The referee specifically made the following factual findings regarding Mr. Fernandez's conduct:
- On January 9, 2021, in an email response to Administrative Assistant Ms. Cindy Joyner regarding past due Performance Evaluations that you were assigned to complete, you stated "That's BULLSHIT, I gave you all the paperwork. I have copies that I will give to you again."
- Additionally, on the morning of February 4, 2021, Assistant Director Mr. Brett Todd sent you an email reminding you to sign your Performance Re-Evaluation and to return it to Ms. Joyner.
- Mr. Todd also sent you several other emails asking you to perform work assignments.
- You also responded stating that you were not going to sign your Re-Evaluation because you disagree with it.
- In addition, you sent Mr. Todd an email stating that you were not going to perform the work assignments that were given to you and that the Sewerage Department pays outside entities to complete those assignments.
- After several email exchanges, you then responded to Mr. Todd stating "HOW WILL YOU HANDLE? DO I NEED TO GET A LAWYER TO COMBAT YOU';RE SHANAIGGANS[sic]?"
- Additionally, on February 5, 2021, Mr. Todd received an email from you stating you're and idiot
- btodd." [sic].
- On February 13, 2021, you sent an email to Mr. Todd stating "Can I retire now?"
- On February 18, 2021, you responded to Mr. Todd stating "What do you actually do, Brett, for JP
- sewerage DEPT? yOU DRIVE AROUND JN YOUR TRUCK EVERYDAY. do you do actual
- engineering work at all? dO YOU DO HYDRAULIC ANALYYSIS? You do nothing of importance."

evaluation may have been tainted by absences that could be justified as FMLA leave, he did not consider the issue of his absences in his decision. The Personnel Director signed and certified the order as a true copy the next day. Shortly thereafter, Mr. Fernandez filed a notice and application for of appeal via facsimile and U.S. Mail dated March 31, 2022. The Personnel Board received the faxed copy of the letter which indicated Mr. Fernandez's intent to seek review with this Court and the Personnel Board on April 6, 2022. The Personnel Board provided notice of the filing to counsel for the Department via email, who then responded the next day, claiming that "A 5th Circuit appeal is not ripe at this time per the Appeal Rules." Mr. Fernandez's counsel agreed the appeal was premature based on the assumption that the Department intended to file an application requesting that the Personnel Board first review the Referee's decision pursuant to "Rule 8.1" prior to Mr. Fernandez's appeal to this Court pursuant to "Rule 8.2."[2] Therefore, Mr. Fernandez's counsel indicated that she would withdraw the application for an appeal pending a final ruling by the Personnel Board. According to the record, the Department did not file an application for review by the Personnel Board.

Mr. Fernandez then filed a second notice and application for appeal with the Personnel Board via facsimile and U.S. Mail by a letter dated May 17, 2022. The Personnel Board again sent notice of the filing to the Department's counsel by email, who responded the following day claiming that "[a]n appeal to the 5th Circuit is not in compliance with the Personnel Board Appeal Rules as an application for review was never timely filed, and therefore, appeal rights have

---

[2] Rule 8.1 of the Jefferson Parish Department of Personnel Rules of Classified Service allows a party the option to file an application for review of the referee's decision by the Personnel Board within 30 days after the referee's decision or order is placed in the mail or sent electronically to the interested party, whichever occurs first. Rule 27 of the Jefferson Parish Personnel Board Rules of Appeal Procedure also provides the same procedures for seeking review by the Personnel Board. The rules do not require the filing of an application for review by the Personnel Board prior to filing an application for appeal to obtain review by the Louisiana Fifth Circuit Court of Appeals. *See* Rule 8,2 of the Jefferson Parish Department of Personnel Rules of Classified Service or Rule 31 of the Jefferson Parish Personnel Board Rules of Appeal Procedure.

prescribed." Mr. Fernandez's counsel explained in response that she understood that the Department challenged the first notice and application for appeal as premature because it intended to seek reconsideration of the Referee's decision. Counsel further requested that the Personnel Board reinstate the first notice and application for appeal filed by Mr. Fernandez because the Department did not seek review of the Referee's order by the Personnel Board.

### *ASSIGNMENTS OF ERROR*

Mr. Fernandez argues that the Personnel Board erred when it found that his termination was warranted because: 1) his misconduct did not impact his job efficiency; 2) he was disciplined twice for one instance of misconduct; and 3) the magnitude of the discipline he received – termination – was not proportionate to the scale or seriousness of the offense.

The Department argues that Mr. Fernandez's appeal was untimely and this Court lacks jurisdiction as a result. The Department argues that, instead of filing an "application for review" to the Personnel Board within thirty calendar days of the date on which the decision was sent, Mr. Fernandez filed a "request for appeal" on May 17, 2022. The Department further argues that, pursuant to the Appeal Rules, the filing of this appeal to this Honorable Court was untimely.

In the alternative, the Department maintains that the

> Referee properly determined that the derelictions of Appellant impaired the efficient and orderly operations of the Sewerage Department and were commensurate with termination. As reflected in the record, continued insubordination and a pattern of unprofessional, hostile and harassing emails to co-workers and supervisors, even after documented meetings regarding said misconduct is sufficient to uphold the termination and find that termination was not manifestly erroneous. Moreover, sufficient evidence was provided to show that the misconduct at issue was 'rationally related' to the efficiency of the public service, and being that the suspension pending investigation was with pay, Appellant was not disciplined twice.

(Footnote in original omitted). The Department avers that Mr. Fernandez "had become increasingly disagreeable, unprofessional, offensive and aggressive

towards his coworkers" and that issues with "absences, communication and reliability" continued. The Department further advises that Mr. Fernandez's FMLA was approved but "he [. . .] failed to follow up with psychiatry as directed by his physician and provide any updates as to the status of his condition."

Mr. Fernandez responds that the Department relied on facts not adjudicated by the factfinder. He alleges that his absences should have been designated as FMLA leave, Ms. Joyner did not file a grievance against him, and the employee investigative report authored by Mr. Todd was not a factor in his termination, per the termination letter. He also argues that the appeal was timely as he filed his first notice and application for appeal within 30 days of the effective date of the Referee's ruling pursuant to Jefferson Parish Personnel Board Rules of Appeal Rule 31.

## LAW AND DISCUSSION

The Jefferson Parish Department of Public Works – Sewerage is a classified civil service system governed by a statutory system established by Title 33, Chapter 5, Part I of the Louisiana Revised Statutes. A classified civil servant is afforded protection in disciplinary actions taken without cause. La. Const. art. 10 § 8(A); *see Robinson v. Jefferson Par. Dep't of Pub. Works-Drainage*, 13-474 (La. App. 5 Cir. 12/19/13), 131 So.3d 433, 437. A dismissal of a civil servant "for cause" is synonymous with legal cause. *Id. citing Lewis v. Jefferson Par. Dep't of Pub. Works*, 99-16 (La. App. 5 Cir. 5/19/99), 761 So.2d 558, 559, *writ denied,* 99-2906 (La. 1/14/00), 753 So.2d 215. Legal cause for disciplinary action exists if the facts found by the civil service commission disclose that the employee's conduct impaired the efficiency of the public service. *See id.* The appointing authority -- here the Department of Public Works – Sewerage -- has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the

efficient operation of the appointing authority. *Becker v. Jefferson Par. Dep't of Parks & Recreation*, 09-662 (La. App. 5 Cir. 1/12/10), 30 So.3d 1007, 1013.

Where an appointing authority has disciplined an employee for an infraction, the appointing authority is estopped from seeking at a later date to revive this incident as ground for further disciplinary measures. *Bruno v. Jefferson Par. Library Dep't*, 04-504 (La. App. 5 Cir. 11/30/04), 890 So.2d 604, 609. But, evidence of prior infractions coupled with the instant offense may evidence either an employee's unreliability or his indifference to the requirements of his job. *Duckett v. Jefferson Par. Dep't of Pub. Works - Streets*, 20-452 (La. App. 5 Cir. 11/3/21), 330 So.3d 1209, 1221, *writ denied,* 21-1794 (La. 1/26/22), 332 So.3d 85, and *cert. denied sub nom.*, 214 L.Ed.2d 78, 143 S.Ct. 204 (2022). Repeated infractions by an employee may justify dismissal. *Id.*

The Jefferson Parish Personnel Rules Rule II, Section 8.1 grants the Jefferson Parish Personnel Board the authority to hear and decide all removal and other actions appealable under the Rules. *Stamps v. Jefferson Par. Admin.*, 09-443 (La. App. 5 Cir. 12/8/09), 30 So.3d 19. The Personnel Board has a duty to decide, independently from the facts presented, whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. *Id. citing St. Pe' v. Jefferson Par. Dep't of Pub. Works-Drainage Pump Stations*, 06-779 (La. App. 5 Cir. 3/13/07), 956 So.2d 623, 625. Rule 12(a) of Jefferson Parish Personnel Board Rules of Appeal Procedure provides that the Personnel Board may appoint a referee to hear and decide any appeal pending before the Personnel Board. "The decision of a referee shall become the final decision of the Personnel Board on the date that the referee's decision is filed with the Director unless an application for review of the

referee's decision is filed in accordance with Rule 27." Jefferson Parish Personnel Board Rules of Appeal Procedure, Rule 12(d).[3]

A party may seek review of a final decision of the Board by this Court by filing an application for appeal in accordance with Rule 31 of the Jefferson Parish Personnel Board Rules of Appeal Procedure:

> Final Decisions of the Board shall be subject to review on any question of law or fact upon appeal to the Louisiana Fifth Circuit Court of Appeal. An application for appeal from a final decision of the Board shall be effectuated in accord with the Uniform Rules - Courts of Appeal, Rule 3, 3-1, The Special Appeals, Administrative Cases. The application for appeal shall be in writing and must be filed with and received by the Personnel Department during established department working hours and within thirty (30) calendar days of the effective date of the decision from which the appeal is taken.[4]

Rule 18 provides that "decisions and orders shall be final and effective as of the date rendered, as reflected in the decision or order, and shall be filed with the Personnel Director on the date rendered." *Id.*

> On appeal, this court should apply the clearly wrong or manifest error rule. An appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause; unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed.

*St. Pe'*, 956 So.2d at 625. (Internal citation omitted). A civil service board's findings of fact are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Decou-Snowton v. Jefferson Par. Dep't of Juvenile Servs.*, 22-55 (La. App. 5 Cir. 11/9/22).

The Department argues that the appeal is untimely because Mr. Fernandez did not file his application for appeal until May 17, 2022, more than 30 days after the effective date of the March 28, 2022 judgment -- after Mr. Fernandez relied on

---

[3] As noted above, a party has 30 days after the earlier of the mailing or electronic delivery of the referee's decision to apply for review by the Personnel Board.

[4] The Rules of Appeal Procedure do not define "Personnel Department." Rule 1, Section 1(18) of the Jefferson Parish Department of Personnel Rules of Classified Service defined "Department" as "The Department of Personnel, including both the Personnel Board and the Director of Personnel.

a false representation from the Department's counsel regarding appeal procedures. His counsel received an email from the Department's counsel on April 7, 2022, which incorrectly claimed the matter was not ripe for appeal in response to Mr. Fernandez's notice and application for appeal submitted shortly after the Referee issued the March 28, 2022 judgment. Mr. Fernandez's counsel replied to that email, copying Referee Nass as well as the Personnel Director and the executive assistant of the Personnel Department, and indicated they would withdraw the timely notice and application for appeal, pending the resolution of the Department's application for review of the Referee's ruling. However, the Department never requested a review of the Board's decision, and there is no indication that the first notice and application for appeal was withdrawn from the record.

La. C.C.P. art. 5051 dictates that the articles of the Code of Civil Procedure "be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." We find that the letter dated March 31, 2022 that Mr. Fernandez sent to the Personnel Board provided the Department with adequate notice of his intention to appeal and the Department is not prejudiced by our decision to accept the notice and application for of appeal filed to seek review by this Court as timely in order to permit review of the Personnel Board's decision. The purpose of the notice of an application for appeal is "to provide a simple and efficient method for taking an appeal and to ensure that the opposing party is given notice of the petitioning party's intent to appeal." *See* Appendix A. Louisiana Code of Civil Procedure Selected Articles, 1 La. Civ. L. Treatise, Civil Procedure Appendix A (2d ed.). Furthermore,

> [a]ppeals are favored in law, must be maintained whenever possible, and will not be dismissed for mere technicalities. Any doubt concerning the validity of an appeal should be resolved in favor of the appellant to the end that an appeal can be sustained. Unless the

grounds for dismissal are free from doubt, the appeal should
be maintained.

*Jones v. ABC Ins. Co.*, 19-141 (La. App. 5 Cir. 1/29/20), 290 So.3d 317, 324 (citations removed).

Accordingly, we find that the April 6, 2021 notice to the Personnel Board constituted a timely application for appeal pursuant to Uniform Rules, Courts of Appeal – Rule 3-1.1 and Rule 31 of the Board's Rules of Appeal Procedure. Pursuant to the Board's Rules of Appeal Procedure Rule 27(g), because an application for review was not timely filed, the Referee's decision became final on March 29, 2021 when the judgment was filed with its director. We therefore disagree with the Department's argument that Mr. Fernandez's appeal was untimely and should be dismissed.

Next, we find that the testimony and evidence presented by the Department is sufficient to support the referee's findings that it proved by a preponderance that, notwithstanding Mr. Fernandez's absences and whether they should be classified as AWOL or permissible due to FMLA provisions, Mr. Fernandez's conduct violated several Jefferson Parish Personnel Rules and departmental policies and procedures, and the Department terminated his employment in good faith for legal cause. The referee did not commit manifest error in his determination that Mr. Fernandez committed several acts of misconduct that included insubordination, using coarse, hostile, profane or insolent language, the failure to carry out assigned duties, tasks and responsibilities in a prudent manner, and the utterance of verbal or written threats communicated directly or indirectly that a reasonable person would perceive as intimidation.

### *DECREE*

Based on the foregoing, the judgment of the Jefferson Parish Personnel Board affirming Mr. Fernandez's termination and dismissing his appeal is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-319

**E-NOTIFIED**
JEFF PARISH PERSONNEL BOARD (CLERK)
JESSICA M. VASQUEZ (APPELLANT)          CRYSTAL M. HEINE (APPELLEE)

**MAILED**
JEFFERSON PARISH PERSONNEL BOARD
(DISTRICT JUDGE)
200 DERBIGNY STREET
SUITE 3100
GRETNA, LA 70053